UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHIEF X ISRAEL, on behalf of, RODNEY LOMAX ESTATE TRUST TRIBE, *Pro Se*, | ) ) ) ) | Case No. 1:24 CV 1263 |
| Plaintiff | ) ) | JUDGE SOLOMON OLIVER, JR. |
| v. | ) ) ) | |
| 5510 DUNHAM RD LLC, et al., | ) ) | <u>MEMORANDUM OPINION</u> |
| Defendants | ) | <u>AND ORDER</u> |

## I. INTRODUCTION

*Pro Se* Plaintiff Chief X Israel, on behalf of Rodney Lomax Estate Trust, filed this action against 5510 Dunham Rd LLC, S & T Bank, U.S. Department of Interior, U.S. Bureau of Land Management (BLM), U.S. Department of Housing and Urban Development ("HUD"), U.S. Department of the Treasury, and the U.S. Attorney General. (ECF No. 1). Plaintiff filed an application to proceed *in forma pauperis*. (ECF No. 2). The application is granted.

For the following reasons, the Court dismisses this action.

## II. BACKGROUND

Plaintiff appears to claim that he is a tribal chief, and he files this Complaint on behalf of the "Rodney Lomax Estate Trust Tribe." The complaint consists largely of incomprehensible, disconnected statements concerning the "Lomax Indian Tribe" and the "Cashbox Trust Tribe" and the tribes' purported interest in property located at 5510 Dunham Road. (*See* ECF No. 1, PageID ## 6-9).

The Complaint contains several pages of a document titled, "Trepass Notice Land Reclaim Interest and Acquisition" and numerous exhibits, including the following: (1) four pages of legal citations to Title 25 of the Code of Federal Regulations, pertaining to the Bureau of Indian Affairs, Department of the Interior, subsection titled "Trespass"; (2) an "Order for Summary Judgments" containing a handwritten reference to Garfield Heights Municipal Court Case No. 2316720; (3) two pages copied from Rule 7067-1 of Local Bankruptcy Rules of the Northern District of Ohio ("Registry Fund"); (4) Affidavit of Indian Sovereignty and Self Government; (5) Notice to the Court Regarding Reserved Rights Doctrine; (6) Affidavit of Indian Heirship and Beneficiary Designation, in which Plaintiff states that he is a lawful Indian tribal heir; (7) a copy of a "cash check moneys order" for $2,000,000, drafted by "Chief"; and (8) a copy of a judgment entry from the Garfield Heights Municipal Court in *5510 Dunham Rd LLC v. Israel Bey*, Case No. CVG 2316720, indicating the matter is "deemed closed and dismissed." (*Id.*; ECF Nos.1-1 through 1-3). Plaintiff's civil cover sheet indicates "this cause stems from an unlawful eviction." (ECF No. 1-7).

Plaintiff states that he seeks "any equitable remedy available for treaty law violations, plus treble damages." (ECF No. 1-3, PageID # 33).

### III. DISCUSSION

#### A. Standard of Review

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). The district court, however, is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 328, 109 S. Ct. 1827, 104 L. Ed.

2d 338 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but he or she must provide more than "an unadorned, the defendant unlawfully harmed me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986).

In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

**B. Analysis**

The Court recognizes that *pro se* pleadings are held to a less stringent standard than formal pleadings drafted by lawyers. *El Bey v. Roop*, 530 F.3d 407, 413 (6th Cir. 2008). However, the "lenient treatment generally accorded to *pro se* litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d

413, 416 (6th Cir. 1996). Liberal construction for *pro se* litigants does not "abrogate basic pleading requirements." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). The Court is not required to conjure unpleaded facts or construct claims against defendants on behalf of a *pro se* plaintiff. See *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (District courts are not required to conjure up questions never squarely presented to them or to construct full claims from sentence fragments. To do so would "require . . . [the courts] to explore exhaustively all potential claims of a *pro se* plaintiff. . . [and] would . . . transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party.") (citation omitted). Although specific facts are not required, to meet the basic minimum notice pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, plaintiff's complaint must give the defendants fair notice of what the plaintiff's legal claims are and the factual grounds on which they rest. *See Bassett v. Nat'l Collegiate Ath. Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008); *see also Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988) (all complaints must contain either direct or inferential allegations respecting all material elements of some viable legal theory to satisfy federal notice pleading requirements) (citations omitted).

Here, Plaintiff's Complaint fails to meet even the most liberal reading of the *Twombly* and *Iqbal* standard as his pleading fails to set forth "a short and plain statement of [any] claim showing that [Plaintiff] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). Plaintiff's Complaint contains very few facts. Rather, it contains disjointed statements concerning the "Lomax Indian Tribe," "Cashbox Trust Tribe," and Indian sovereignty, as well as miscellaneous citations to legal authority. Further, it fails to connect any alleged occurrence to a specific, cognizable injury, and Plaintiff fails coherently to identify how each defendant has harmed him. Without any indication of a viable legal claim or

sufficient facts to determine the factual basis for his Complaint, Plaintiff fails to meet the minimum pleading requirements of Rule 8 and his Complaint must be dismissed on this basis. *Iqbal*, 556 U.S. at 678.

To the extent the Court can construe Plaintiff's Complaint as asserting a claim of unlawful eviction, Plaintiff's claim fails. Under the *Rooker-Feldman* doctrine, federal district courts lack jurisdiction to review cases litigated and decided in state courts. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S. Ct. 149, 68 L. Ed. 2d 362, 68 L. Ed. 362 (1923); *Patmon v. Mich. Supreme Court*, 224 F.3d 504, 506-07 (6th Cir. 2000). The Sixth Circuit has stated that, "[w]here federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of a state court judgment." *Catz v. Chalker*, 142 F.3d 279, 295 (6th Cir. 1998) (amended on other grounds 243 F.3d 234 (6th Cir. 2001)) (quoting *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 25, 107 S. Ct. 1519, 95 L. Ed. 2d 1 (1987)). Federal appellate review of state court judgments can only occur in the United States Supreme Court. *See Feldman*, 460 U.S. at 483; *Rooker*, 263 U.S. at 415-16.

Here, to the extent Plaintiff's Complaint challenges the lawfulness of a state court eviction judgment entered against him in the Garfield Heights Municipal Court, this challenge would require the Court to review the same issues that were reviewed by the state court. The Court lacks subject matter jurisdiction to do so. For this reason, Plaintiff's Complaint must be dismissed pursuant to the *Rooker-Feldman* doctrine. *See, e.g., Flowers v. Columbus Metropolitan Housing Authority*, 90 Fed. App'x. 893, 894, 2004 WL 237410, at *2 (6th Cir. 2004) (affirming dismissal of *pro se* complaint challenging the lawfulness of a state court forcible entry and detainer judgment on the basis of the

*Rooker-Feldman* doctrine); *Poindexter v. Full Line Real Estate Construction, LLC*, No. 4: 23-cv-1049, 2023 U.S. Dist. LEXIS 161806, 2023 WL 5957103, at *1 (N.D. Ohio Sept. 13, 2023) (dismissing complaint asserting claims challenging an eviction action brought in Youngstown Municipal Court).

## IV. CONCLUSION

For the foregoing reasons, the Court grants Plaintiff's application to proceed *in forma pauperis* (ECF No. 2) and dismisses this action pursuant to 28 U.S.C. §1915(e). Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be good faith.

IT IS SO ORDERED.

*/s/ SOLOMON OLIVER, JR.*
UNITED STATES DISTRICT JUDGE

October 25, 2024